UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

RICARD WALTER TAYLOR,

          Petitioner,

v.

GREGORY SKIPPER,

          Respondent.

_____/

Case No. 1:18-cv-809

Honorable Paul L. Maloney

## **OPINION**

      This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust available state-court remedies with respect to all of his claims. Accordingly, Petitioner must show cause why he is entitled to a stay of these proceedings while he exhausts his unexhausted claim in the state courts or, alternatively, the Court will proceed with the petition but will only consider Petitioner's exhausted claims.

**Discussion**

I. Factual Allegations

Petitioner Ricard Walter Taylor is incarcerated with the Michigan Department of Corrections at the Michigan Reformatory (RMI) in Ionia, Michigan. An Ingham County Circuit Court found Petitioner, who suffers from schizophrenia, guilty but mentally ill of two counts of first-degree murder, Mich. Comp. Laws § 750.316; one count of carrying a concealed weapon, Mich. Comp. Laws § 750.227; two counts of carrying a weapon with unlawful intent, Mich. Comp. Laws § 750.226; and two counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. On June 10, 2015, the court sentenced Petitioner to respective prison terms of life without the possibility of parole for the murder convictions and 3 years, 4 months to 5 years on the "carrying" convictions, all consecutive to concurrent sentences of 2 years on the felony firearm convictions.

The charges against Petitioner arose from the shooting deaths of Petitioner's pharmacist Michael Addo and Petitioner's neighbor Jordan Rogers on May 12, 2014. As Petitioner states in his appellate brief, he "readily admitted committing the offenses, explaining that he did so because he believed the two men meant to harm him, since they were werewolves or lycans, and they were part of an ongoing conspiracy involving the Nation of Islam." (Pet'r's Br. on Appeal, ECF No. 2-1, PageID.49.)

Petitioner had a family history of mental illness and a lengthy history of diagnosed mental illness, specifically paranoid schizophrenia. (*Id.*) He asserted at trial that he was not guilty by reason of insanity. Dr. Ellen Garver, a forensic psychiatrist from the Center for Forensic Psychiatry, based on interviews and testing, concluded that Petitioner was legally insane when he committed the offenses. (*Id.*) The prosecution presented the testimony of Dr. Jeffrey Wendt. (*Id.*,

PageID.56-58.) Dr. Wendt, based on interviews and testing, concluded that Petitioner was able to appreciate the wrongfulness of his conduct and conform with the law at the time of the offenses. (*Id.*, PageID.57.)

The jury, apparently, credited Dr. Wendt's testimony over Dr. Garver's.

Petitioner, with the assistance of counsel, appealed his convictions to the Michigan Court of Appeals raising two issues:

I. The prosecution failed to sufficiently rebut Mr. Taylor's insanity defense; therefore his conviction must be reversed.

II. The prosecutor's argument admonishing the jury not to consider the lesser offense of second degree murder invaded the jury's domain and undermined Mr. Taylor's right to have the jury exercise leniency, thus depriving him of the due process right to a fair trial.

(Pet'r's Br. on Appeal, ECF No. 2-1, PageID.45.) The Michigan Court of Appeals denied relief by per curiam opinion issued January 24, 2017. *People v. Taylor*, No. 328764, 2017 WL 358856 (Mich. Ct. App. Jan. 24, 2017). Petitioner then filed a pro per application for leave to appeal in the Michigan Supreme Court, raising the same issues he had raised in the court of appeals. (Pet'r's Appl. for Leave to Appeal, ECF No. 2-1, PageID.38-39.) The supreme court denied leave by order entered July 25, 2017. *People v. Taylor*, 898 N.W.2d 208 (Mich. 2017). Petitioner then filed his habeas petition raising the same two issues he had raised in the Michigan appellate courts.

Although the petition purports to raise the same two issues Petitioner raised in the Michigan appellate courts, his brief embellishes his prosecutorial misconduct claim by objecting to two additional parts of the prosecutor's closing argument. Specifically, Petitioner adds the claim that the prosecutor made an appeal to the jurors' civic duty and invited them to decide the case based on sympathy when he (1) referred to Petitioner as a "psychopathic deviant" and (2) also argued:

3

> [D]efense has raised this issue of legal insanity. It's what [is] called in the law an affirmative Defense, and as such, the law requires Mr. Watson [Petitioner's trial counsel] to prove to you by a preponderance of the evidence, "tipping the scales" that his client is legally insane. That's his burden. Not mine. Remember that . . . . The verdict has to be guilty but mentally ill. There is no other choice.

(Pet'r's Br., ECF No. 2, PageID.28.) Petitioner never raised these claims in the state courts.

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). On the face of the petition, Petitioner has exhausted his habeas issues. It is only in examining Petitioner's brief that it is apparent he has raised two issues with the prosecutor's argument—the issue identified above—that were never raised in the state courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).

4

Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Ingham County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the

5

petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on July 25, 2017. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on October 23, 2017. Accordingly, absent tolling, Petitioner would have one year, until October 23, 2018**,** in which to file his habeas petition. Petitioner filed the instant petition on July 25, 2018. At this date, however, fewer than 30 days remain before expiration of the limitations period.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[1]

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

6

In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to

7

meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

      An Order consistent with this Opinion will be entered.


Dated:   September 28, 2018            /s/ Paul L. Maloney
                                                                  Paul L. Maloney
                                                                  United States District Judge