UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RICARD WALTER TAYLOR,

         Petitioner,

v.

GREGORY SKIPPER,

         Respondent.

_____/

Case No. 1:18-cv-809

Honorable Paul L. Maloney

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Discussion

I. Factual Allegations

Petitioner Ricard Walter Taylor is incarcerated with the Michigan Department of Corrections at the Michigan Reformatory (RMI) in Ionia, Michigan. An Ingham County Circuit Court jury found Petitioner, who suffers from schizophrenia, guilty but mentally ill of two counts of first-degree murder, Mich. Comp. Laws § 750.316; one count of carrying a concealed weapon, Mich. Comp. Laws § 750.227; two counts of carrying a weapon with unlawful intent, Mich. Comp. Laws § 750.226; and two counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. On June 10, 2015, the court sentenced Petitioner to respective prison terms of life without the possibility of parole for the murder convictions and 3 years, 4 months to 5 years on the "carrying" convictions, all consecutive to concurrent sentences of 2 years on the felony firearm convictions.

The charges against Petitioner arose from the shooting deaths of Petitioner's pharmacist Michael Addo and Petitioner's neighbor Jordan Rogers on May 12, 2014. As Petitioner states in his appellate brief, he "readily admitted committing the offenses, explaining that he did so because he believed the two men meant to harm him, since they were werewolves or lycans, and they were part of an ongoing conspiracy involving the Nation of Islam." (Pet'r's Br. on Appeal, ECF No. 2-1, PageID.49.)

Petitioner had a family history of mental illness and a lengthy history of diagnosed mental illness, specifically paranoid schizophrenia. (*Id.*) He asserted at trial that he was not guilty by reason of insanity. Dr. Ellen Garver, a forensic psychiatrist from the Center for Forensic Psychiatry, based on interviews and testing, concluded that Petitioner was legally insane when he committed the offenses. (*Id.*) The prosecution presented the testimony of Dr. Jeffrey Wendt. (*Id.*,

PageID.56-58.) Dr. Wendt, based on interviews and testing, concluded that Petitioner was able to appreciate the wrongfulness of his conduct and conform with the law at the time of the offenses. (*Id.*, PageID.57.)

The jury credited Dr. Wendt's testimony over Dr. Garver's.

Petitioner, with the assistance of counsel, appealed his convictions to the Michigan Court of Appeals raising two issues:

I. The prosecution failed to sufficiently rebut Mr. Taylor's insanity defense; therefore his conviction must be reversed.

II. The prosecutor's argument admonishing the jury not to consider the lesser offense of second degree murder invaded the jury's domain and undermined Mr. Taylor's right to have the jury exercise leniency, thus depriving him of the due process right to a fair trial.

(Pet'r's Br. on Appeal, ECF No. 2-1, PageID.45.) The Michigan Court of Appeals denied relief by per curiam opinion issued January 24, 2017. *People v. Taylor*, No. 328764, 2017 WL 358856 (Mich. Ct. App. Jan. 24, 2017). Petitioner then filed a pro per application for leave to appeal in the Michigan Supreme Court, raising the same issues he had raised in the court of appeals. (Pet'r's Appl. for Leave to Appeal, ECF No. 2-1, PageID.38-39.) The supreme court denied leave by order entered July 25, 2017. *People v. Taylor*, 898 N.W.2d 208 (Mich. 2017). Petitioner then filed his habeas petition raising the same two issues he had raised in the Michigan appellate courts.

Although the petition purports to raise the same two issues Petitioner raised in the Michigan appellate courts, his brief embellishes his prosecutorial misconduct claim by objecting to two additional parts of the prosecutor's closing argument. Specifically, Petitioner adds the claim that the prosecutor made an appeal to the jurors' civic duty and invited them to decide the case based on sympathy when he (1) referred to Petitioner as a "psychopathic deviant" and (2) also argued:

3

> [D]efense has raised this issue of legal insanity. It's what [is] called in the law an affirmative Defense, and as such, the law requires Mr. Watson [Petitioner's trial counsel] to prove to you by a preponderance of the evidence, "tipping the scales" that his client is legally insane. That's his burden. Not mine. Remember that . . . . The verdict has to be guilty but mentally ill. There is no other choice.

(Pet'r's Br., ECF No. 2, PageID.28.) Petitioner never raised these claims in the state courts. (Pet., ECF No. 1, PageID.3-5.)

On September 28, 2018, the Court issued an opinion concluding that the new prosecutorial misconduct issues raised in Petitioner's brief were unexhausted. (ECF No. 9.) The Court entered an order directing Petitioner to either: (1) show cause why this action should be stayed and held in abeyance pending Petitioner's exhaustion of his state court remedies; or (2) indicate his intent to proceed on only his exhausted claims. (ECF No. 10.) Petitioner selected the latter option. (ECF No. 11.) Accordingly, the Court will consider the Petitioner as raising only Issues I and II above.

II. AEDPA Standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

4

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

5

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III. Sufficiency of the Prosecutor's Rebuttal of Petitioner's Insanity Defense

A § 2254 challenge to the sufficiency of the evidence is governed by the standards set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*; *Allen v. Redman*, 858 F.2d 1194, 1196-97 (6th Cir. 1988). The *Jackson* decision instructs that constitutional review for the sufficiency of evidence must be made "with explicit reference to the substantive elements of the criminal offense as defined by state law." 443 U.S. at 324 n.16. *See also In re Winship*, 397 U.S. 358, 364 (1970) (due process is satisfied if the prosecution proves every element of a charged offense beyond a reasonable doubt). The Sixth Circuit has held that challenges to evidence on non-elements do not generally implicate the due process concerns addressed by *Jackson* and *Winship*. *See Gall v. Parker*, 231 F.3d 265, 286-87, 307-08 (6th Cir. 2000) (addressing Kentucky law of insanity), *overruled on other grounds by Bowling v. Parker*, 344 F.3d 487, 501 n.3 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 740 (6th Cir. 1999) (holding that *Jackson* "does not implicate affirmative defenses, because proof of an affirmative

6

defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime"); *Allen*, 858 F.2d at 1200.

Under Michigan law, sanity is not an element of substantive criminal charges, but insanity is an affirmative defense. *See* Mich. Comp. Laws § 768.21a. In *Duffy v. Foltz*, 804 F.2d 50 (6th Cir. 1986), relying on the Michigan Supreme Court's answer to a certified question in *In re Duffy*, 390 N.W.2d 620, 621 (Mich. 1986), the Sixth Circuit held that sanity is not an element of the substantive offenses of rape and kidnaping under Michigan law. *See* 804 F.2d at 54. Subsequently, in *Allen*, 858 F.2d at 1197, the Sixth Circuit reaffirmed the principal that insanity is an affirmative defense to Michigan criminal charges and found that proof of sanity is not an element of the offenses of assault with intent to rob and assault with intent to murder. Since *Allen* and *Duffy*, the courts continue to conclude that the structure of Michigan law makes insanity an affirmative defense. *See, e.g., Johnigan v. Elo*, 207 F. Supp. 2d 599, 611 (E.D. Mich. 2002). As a result, under Michigan law, a claim that the prosecution failed to meet its burden to prove sanity is not cognizable in a habeas proceeding because it fails to raise a federal constitutional issue. *Duffy*, 804 F.2d at 54; *Gall*, 231 F.3d at 304.

Without acknowledging these authoritative cases, Petitioner argues that proof that the defendant is guilty but mentally ill imposes the constitutional obligation on the prosecution to prove that Petitioner was not legally insane beyond a reasonable doubt. *See* Mich. Comp. Laws § 768.36(1). In support of his claim, Petitioner cites *People v. Stephan*, 616 N.W.2d 188, 196 (Mich. Ct. App. 2000), for the proposition that, because the prosecutor unquestionably has the burden of disproving insanity beyond a reasonable doubt, insufficient evidence of sanity necessarily raises a constitutional question. The *Stephan* opinion, however, is based upon an earlier version of the statute. Under the version of the statute in place at the time of the *Stephan*

decision, the state courts were forced to wrestle with the apparent inconsistency that the "insanity defense" statute required the defendant to prove, by a preponderance of the evidence, that he or she was legally insane at the time the crime was committed. *Id*. at 193. The "guilty but mentally ill" statute, on the other hand, required the trier of fact to find, beyond a reasonable doubt, that the defendant was not legally insane. *Id*. at 194. The statute leaves the definite impression that it is the prosecutor's burden to prove beyond a reasonable doubt that the defendant is not legally insane. *Id*.

The Michigan legislature, however, has amended the statute twice since *Stephan*. *See* Criminal Procedure—Trial—Mentally Ill Findings, Mich. Public Act No. 245 (2002); Criminal Procedure—Trial—Mentally Retarded and Developmentally Disabled Persons, Mich. Public Act No. 76 (2014). When Petitioner committed the offenses, the statute provided (and now provides):

> (1) If the defendant asserts a defense of insanity in compliance with section 20a of this chapter,1 the defendant may be found "guilty but mentally ill" if, after trial, the trier of fact finds all of the following:
>
> (a) The defendant is guilty beyond a reasonable doubt of an offense.
>
> (b) The defendant has proven by a preponderance of the evidence that he or she was mentally ill at the time of the commission of that offense.
>
> (c) The defendant has not established by a preponderance of the evidence that he or she lacked the substantial capacity either to appreciate the nature and quality or the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of the law.

Mich. Comp. Laws § 768.36. The Michigan Legislature removed any suggestion that it is the prosecutor's burden to show that Petitioner was not legally insane. Therefore, the basis of Petitioner's sufficiency argument—the statutory conflict that the *Stephan* court explained—is gone. Petitioner's sufficiency argument relates only to an affirmative defense for which he has the burden of proof. It does not raise a federal constitutional issue cognizable on habeas review.

8

IV.     Prosecutorial Misconduct

Petitioner next contends that his trial was rendered fundamentally unfair when the prosecutor argued in closing that the jury could not consider the lesser-included offense of second-degree murder:

> Defendant is charged with first degree premeditated murder. You will be getting an instruction on a lesser offense of second degree murder. It's not applicable in this case. It's not applicable.

*People v. Taylor*, No. 328764, 2017 WL 358856, at *3 (Mich. Ct. App., Jan. 24, 2017). For a petitioner to be entitled to habeas relief based on prosecutorial misconduct, the petitioner must demonstrate that the prosecutor's improper conduct "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "[T]he touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982)).

In evaluating the impact of the prosecutor's misconduct, a court must consider the extent to which the claimed misconduct tended to mislead the jury or prejudice the petitioner, whether it was isolated or extensive, and whether the claimed misconduct was deliberate or accidental. *See United States v. Young*, 470 U.S. 1, 11-12 (1985). The court also must consider the strength of the overall proof establishing guilt, whether the conduct was objected to by counsel and whether a curative instruction was given by the court. *See id.* at 12-13; *Darden*, 477 U.S. at 181-82; *Donnelly*, 416 U.S. at 646-47; *Berger v. United States*, 295 U.S. 78, 84-85 (1935).

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004) (citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). Indeed, "[t]he Supreme Court has clearly indicated that the state courts have substantial breathing room when considering prosecutorial misconduct claims because

9

'constitutional line drawing [in prosecutorial misconduct cases] is necessarily imprecise.'" *Slagle v. Bagley*, 457 F.3d 501, 516 (6th Cir. 2006) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 645 (1974)). Thus, in order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Parker v. Matthews*, 567 U.S. 37, 47 (2012) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

The state appellate court's rejection of Petitioner's prosecutorial misconduct claim was well-justified. After quoting the purportedly objectionable argument, the Michigan Court of Appeals continued:

> The prosecutor continued, arguing that the elements of first-degree murder were proved beyond a reasonable doubt during the trial in this case. According to defendant, this argument deprived him of his constitutional right to a fair trial because it interfered with the jury's role of determining the applicable crime. Reviewing the comments at issue in context, *People v. Thomas*, 260 Mich. App. 450, 454; 678 N.W.2d 631 (2004), however, we cannot agree. The prosecutor was not arguing that the jury should not consider second-degree murder; rather, the prosecutor was arguing that the evidence established that defendant had committed first-degree, not second-degree, murder. This was consistent with both parties' theory of the case—whether defendant was legally insane at the time of the shootings, not whether first-degree or second-degree murder was more applicable under the facts and circumstances of the case. *See People v. Garcia*, 448 Mich. 442, 472; 531 N.W.2d 683 (1995) (providing that second-degree murder is always a lesser-included offense of first-degree murder). Furthermore, jurors are presumed to follow their instructions, *People v. Graves*, 458 Mich. 476, 486; 581 N.W.2d 229 (1998), and the trial court instructed the jury to return a verdict based on the law as provided by the trial court, not the attorneys. Thus, any prosecutorial misconduct was presumptively cured by this instruction, and defendant does nothing to overcome that presumption.

*Taylor*, 2017 WL 358856, at *3.

Petitioner takes issue with the appellate court's reliance on the power of curative instructions: "One cannot automatically presume that just because the court correctly instructed the jury, that the jury followed the instruction once the error has occurred." (Pet'r's Br., ECF No.

2, PageID.31.) On that point, Petitioner is plainly wrong. It is clearly established federal law that "[a] jury is presumed to follow its instructions." *See, e.g., Weeks v. Angelone*, 528 U.S. 225, 234 (2000). Thus, whether or not the prosecutor overstepped the bounds of permissible argument here, the Michigan Court of Appeals' rejection of Petitioner's claim is neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, Petitioner is not entitled to habeas relief.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action

does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

The Court will enter a judgment and order consistent with this opinion.

Dated:  November 30, 2018         /s/ Paul L. Maloney
                                                       Paul L. Maloney
                                                       United States District Judge